IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT O. ALLEN, JR. #T-80221, )<br><br>    PLAINTIFF,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS; SUSAN L. HUBBARD;<br>S. HEMENWAY; PAT MANDEVILLE; L.<br>JENSEN,<br><br>    Defendants.<br>_____ ) | CIVIL NO. 2:08-00119 DAE-KSC<br><br>FINDINGS AND RECOMMENDATION TO<br>DISMISS ACTION FOR FAILURE TO<br>PROSECUTE |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION
FOR FAILURE TO PROSECUTE

On January 17, 2008, Plaintiff Herbert O. Allen, proceeding *pro se*, brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  On March 11, 2009, the Court issued an Order Denying Plaintiff's Request for Service of Process (Doc. No. 12), and mailed a copy of the same to Plaintiff.  On March 31, 2009, the mail was returned to the Court as undeliverable.  Plaintiff has not communicated with the Court nor has Plaintiff provided the Court with a current mailing address.  As a result, the Court issued an Order to Show Cause why this Action Should not be Dismissed for Failure to Prosecute ("OSC") on October 7, 2009, ordering Plaintiff to show cause, in writing, on or before October 27, 2009, why the Court should not recommend dismissal of this action for failure to prosecute.  Plaintiff has not responded to date.  In fact, the Court mailed a

copy of the OSC to Plaintiff's address on record but the mail was again returned as undeliverable.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

2

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the present case, the Court finds that the public's interest in expeditiously resolving this litigation, when coupled with the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to prosecute.

This Findings and Recommendation is submitted to United States District Judge David Alan Ezra, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with this Findings and Recommendation, Plaintiff may file a written objection with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, November 5, 2009.

Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00119 DAE-KSC; ALLEN V. CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL.;
FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO PROSECUTE

4